IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-00373-MSK-MJW

RENEE VINCSON,

    Plaintiff,

v.

AURORA MENTAL HEALTH,
RANDY C. STITH,
EVERETT GROVE,
MIKE KUCERA, and
RON MAROVICH,

    Defendants.

---

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

---

THIS MATTER comes before the Court on the Defendants' Motion for Summary Judgment **(#34)** and supporting brief **(#35)**, to which the Plaintiff responded **(#38)**. The Defendants filed no reply. Having considered the same, the Court finds and concludes as follows.

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

### II. Issue Presented

The Plaintiff, Renee Vincson, appears *pro se*. Therefore, the Court construes her "Title VII Complaint" and other filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court does not act as her advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

In her Complaint **(#3)**, Ms. Vincson alleges that the Defendants discriminated against her

on the basis of age, race, and sex. Her claims are premised upon the termination of her employment as a residential counselor at the Thomas House, a residential facility which is part of Aurora Mental Health. She claims that she is 56 years old and was replaced, without explanation from her employer, by a 22-year old white female with less experience.

The Defendants are Aurora Mental Health and four individuals ("hereinafter Aurora Mental Health"). They move for summary judgment on all of Ms. Vincson's disparate treatment claims. They concede that Ms. Vincson is a black female over the age of 40 and that her employment was terminated. They contend, however, that Ms. Vincson was terminated for misconduct and failure to perform assigned duties, and that she was not replaced by a younger, white employee.

In her response, Ms. Vincson argues that the reasons given for her termination were pretextual, manufactured after-the-fact. She also argues that she was, in fact, replaced by a younger, white employee.[1]

The issue presented is whether a trial is required on any of Ms. Vincson's claims of discrimination.

### III. Material Facts

Based upon the evidence submitted, which the Court construes most favorably to Ms. Vincson, the Court finds for purposes of this motion that:

1.      Ms. Vincson is a black female over the age of 40.

---

[1] In her response, Ms. Vincson makes several references to a right of due process, as well as retaliation by Aurora Mental Health. Her Complaint alleges no due process violation and asserts no retaliation claim. Although the Court construes her Complaint liberally, it cannot construe it to contain claims which simply are not there. Indeed, no due process or retaliation claim is mentioned in the Scheduling Order **(#29)**, either.

2. She was an employee of Aurora Mental Health until February 2, 2005, when her employment was terminated.

3. At the time her employment was terminated, Aurora Mental Health provided her with no explanation for the termination.

4. Ms. Vincson then asked Clifford L. Sanders, MA, to investigate whether her civil rights were violated.

5. There is no evidence in the record showing who Mr. Sanders is, or what his relationship to either Ms. Vincson or Aurora Mental Health is. It appears from Ms. Vincson's exhibits that Mr. Sanders is located in Atlanta, Georgia.

6. On Ms. Vincson's behalf, Mr. Sanders wrote two letters. The first letter is dated February 3, 2005, and was written to the Director of Aurora Mental Health. In that letter, Mr. Sanders demanded a written explanation for Ms. Vincson's termination and expressed his belief that the termination was arbitrary. The second letter is dated February 7, 2005, and was written to the Colorado Commission of Civil Rights. In that letter, Mr. Sanders opined that Aurora Mental Health violated the law because it did not advise Ms. Vincson of the personnel rules it believed she had violated. He also expressed his belief that Aurora Mental Health sought to replace Ms. Vincson with a 22-year old white female with less experience.

7. There is no affidavit or other sworn statement attesting to the veracity of the factual statements contained in either letter. There also is no affidavit or other sworn statement which demonstrates that Mr. Sanders has personal knowledge of Aurora Mental Health's hiring and firing decisions.

8. Kat Torres of Aurora Mental Health stated in her affidavit that Ms. Vincson was

not replaced upon her termination, but rather, her job duties were absorbed by two other employees: a 23-year old white female, and a 59-year old black female.

        9.      Michael Kucera of Aurora Mental Health submitted an affidavit stating that he is the person who recommended that Ms. Vincson's employment be terminated. His recommendation was based upon complaints from consumers, including that Ms. Vincson: (a) took showers at work after her shift had started; (b) did her personal laundry at the facility, bringing bed bugs into the facility; (c) drove consumers in her private car without insurance; (d) yelled at consumers; (e) played favorites with consumers, inviting some to her home; and (f) bought the consumers' food stamps for cash.

### IV. Standard of Review

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring

the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(e). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

If the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a *prima facie* claim or defense, a trial is required. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, the claim or defense must be dismissed as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

### V.  Analysis

This motion is of the second type. The Defendants contend that Ms. Vincson cannot meet her burden and produce sufficient evidence to support her discrimination claims. Ms. Vincson alleges disparate treatment on the basis of age, race, and sex. All of her claims of discrimination share common elements. Absent direct evidence of discrimination, Ms. Vincson must make a *prima facie* showing of discrimination. This requires that she point to evidence in the record that:

(1)    She belongs to a protected class (*i.e.*, she is over the age of 40, is black, or is

    female).

 (2) Her employment was terminated.

 (3) The termination took place under circumstances giving rise to an inference of discrimination (*i.e.*, she was replaced by someone who was younger than 40, white, or male).

*See, e.g., E.E.O.C. v. PVNF, L.L.C.,* _ F.3d _ 2007 WL 1404310 *7 (10th Cir. May 14, 2007) (citing *Sorbo v. United Parcel Service*, 432 F.3d 1169 (10th Cir. 2005)); *see also Beaird v. Seagate Technology, Inc.,* 145 F.3d 1159, 1165 (10th Cir. 1998).

 Aurora Mental Health has conceded many facts pertinent to Ms. Vincson's claims: that she is a black female over the age of 40, and her employment was terminated. It does not concede that the circumstances surrounding her termination of employment give rise to an inference of discrimination; indeed, it contends to the contrary.

 Ms. Vincson has presented no direct evidence of discrimination. Nor has she presented evidence that the circumstances surrounding her termination of employment give rise to an inference of discrimination. The only evidence attached to her response are two letters written by Clifford L. Sanders, MA. Neither letter is probative of discriminatory intent. At best, the letters show that when Aurora Mental Health terminated Ms. Vincson's employment, it did not explain why. Moreover, neither letter provides competent evidence of what actually happened after Ms. Vincson's employment at Aurora Mental Health was terminated. This is because there is nothing to demonstrate who Mr. Sanders is or how he had personal knowledge as to how Ms. Vincson's job duties were reassigned, and there is no sworn statement in the record to support the facts set forth in his letters. *See* Fed. R. Civ. P. 56(e). The only competent evidence in the record shows

that Ms. Vincson's job duties were reassigned to two existing employees, one of whom was a black female in her late fifties.  Therefore, Ms. Vincson has failed to meet her burden of producing evidence to support a *prima facie* claim of discrimination based upon age, race or sex.

**IT IS THEREFORE ORDERED** that the Defendants' Motion for Summary Judgment **(#34)** is **GRANTED**.

Dated this 21st day of May, 2007

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge